IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chris Sevier, ) | C/A No.: 3:16-665-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Nimrata Randhawa Haley, in her official ) | |
| capacity as Governor of South Carolina, ) | REPORT AND RECOMMENDATION |
| also known as, Nikki; Alan M. Wilson, ) | |
| in his official capacity as Attorney ) | |
| General of South Carolina; and Beth ) | |
| Carrigg, in her official capacity as Clerk ) | |
| of Court of Lexington County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Chris Sevier ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 seeking to compel South Carolina to expand its definition of marriage to include the right to marry inanimate objects and to recognize Plaintiff's marriage to his computer. [ECF No. 1]. Plaintiff sues South Carolina Governor Nimrata Randhawa Haley, South Carolina Attorney General Alan M. Wilson, and Lexington County Clerk of Court Beth Carrigg ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff filed this complaint seeking to have the court expand South Carolina's "current definition of marriage . . . to cover all non-obvious suspect classes" or to "issue an injunction that nullifies all marriages that are outside the definition of one man and one woman." [ECF No. 1 at 1]. Plaintiff alleges he had "a valid marriage ceremony with [his] object of desire in the state of New Mexico." *Id.* at 16. Plaintiff also claims he had a "valid marriage ceremony with [his] mechanized spouse overseas." *Id.* at 21. Plaintiff states he then moved to relocate to South Carolina, which does not recognize his marriage. *Id.* at 16.[1] Plaintiff argues he is "cheated out of the marriage benefits and equal dignity afforded to individuals who have a craving to marry members of the same-sex in the name of love, freedom, and tolerance." *Id.* Plaintiff says he contacted the Lexington County clerk's office seeking to marry or re-marry his computer, and the clerk's office refused to issue a certificate. *Id.* Plaintiff alleges his marriage to a computer performed in a valid ceremony overseas should "be no less recognized" by the federal government as any same-sex individuals' marriage. *Id.* Plaintiff seeks declaratory and injunctive relief and monetary damages. *Id.* at 36.

II.  Discussion

A.  Standard of Review

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs

---

[1] Plaintiff alleges he travels frequently, but is a citizen and resident of Lexington County in South Carolina. His address of record with the court is in Nashville, Tennessee.

2

of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that a action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Plaintiff seeks to compel South Carolina to recognize his overseas or New Mexico marriage ceremony with a computer or to allow Plaintiff to remarry his computer. [ECF No. 1 at 16, 21].[2] A federal court lacks subject matter jurisdiction over an "obviously frivolous complaint." *Chong Su Yi v. Soc. Sec. Admin.*, No. 1312195, 2014 WL 629513, at *1 (4th Cir. Feb. 19, 2014) (affirming dismissal of factually and legally frivolous claims in a fee-paid pro se case); *see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (noting a federal court lacks subject matter jurisdiction over a complaint raising claims "'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy'") (citation omitted). Complaints "based on allegations that seem delusional, irrational, and wholly beyond belief" are considered factually frivolous. *Brunson v. U.S. Dep't of Justice of Fed. Bureau of Investigation*, C/A No. 3:14-2540-JFA-PJG, 2014 WL 4402803, at *2 (D.S.C. Sept. 3, 2014) (adopting the recommendation that plaintiff's claims that he was injured by an internal intelligent monitor machine be dismissed as frivolous and delusional); *see also Brock v. Angelone*, 105 F.3d 952, 953–54 (4th Cir. 1997) (dismissing appeal as frivolous and finding plaintiff's allegation that he was being

---

[2] Plaintiff does not attach any documentation in support of his claim he had a valid marriage ceremony with his computer overseas or in New Mexico. Because New Mexico defines marriage as a civil contract "for which the consent of the contracting parties, capable in law of contracting, is essential," N.M. Stat. Ann. § 40-1-1 (1915), Plaintiff's factual allegation concerning his marriage ceremony fails to lead to a plausible legal conclusion that Plaintiff is married to an inanimate object in New Mexico. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

poisoned or experimented upon fanciful or delusional). Because Plaintiff's claims are implausible, fanciful, and frivolous, the undersigned recommends the district judge summarily dismiss Plaintiff's complaint.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process. If the court accepts this recommendation, Plaintiff's pending motion for ECF Filing Access [ECF No. 3] will be rendered moot.

IT IS SO RECOMMENDED.

March 24, 2016                                        Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).