IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Chris Sevier,                                ) | |
|               Plaintiff,     ) | |
|                                 ) | Case No.: 3:16-665-TLW |
| vs.                                                ) | |
| Nimrata Randhawa Haley, in her official capacity ) | **ORDER** |
| as Governor of South Carolina, also known as ) | |
| Nikki; Alan M. Wilson, in his official capacity as ) | |
| Attorney General of South Carolina; and   ) | |
| Beth Carrigg, in her official capacity as Clerk of ) | |
| Lexington County,                        ) | |
|               Defendants.     ) | |
| _____ ) | |

Plaintiff Chris Sevier, proceeding *pro se*, filed this action on March 1, 2016, pursuant to 42 U.S.C. § 1983 seeking to compel South Carolina to expand its definition of marriage to include the right to marry inanimate objects and to recognize Plaintiff's marriage to his computer. (ECF No. 1). This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on March 24, 2016, by United States Magistrate Judge Shiva V. Hodges (ECF No. 9), to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), (D.S.C.). In the Report, the Magistrate Judge recommends that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915. Plaintiff filed Objections to the Report on May 25, 2016. (ECF No. 12).

In conducting its review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the

> final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the Objections. Accordingly, the Court hereby **ACCEPTS** the Report. (ECF No. 9). The Plaintiff's Objections (ECF No. 12) are **OVERRULED**. *See United States v. Patel*, 879 F.2d 292, 295 (7th Cir. 1989) ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them.").

For the reasons stated in the Report and those stated herein, the Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice and without issuance and service of process. In light of the Court's dismissal of the case, Plaintiff's Motion for ECF Filing Access (ECF No. 3) is rendered **MOOT**.

  **IT IS SO ORDERED**.

                 *s/Terry L. Wooten*
                 Chief United States District Judge

August 11, 2016
Columbia, South Carolina